**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-21601-CIV-WILLIAMS**

UNITED STATES OF AMERICA,

                       *Plaintiff,*

       *vs.*

GENESIS II CHURCH OF HEALTH
   AND HEALING;
MARK GRENON;
JOSEPH GRENON;
JORDAN GRENON; and
JONATHAN GRENON,

                       *Defendants.*

**GOVERNMENT'S MOTION FOR LEAVE TO SERVE DEFENDANTS
LOCATED OUTSIDE THE UNITED STATES BY ALTERNATE MEANS and
<u>INCORPORATED MEMORANDUM IN SUPPORT</u>**

      The United States of America respectfully requests that the Court authorize service of the Summons, Complaint, and other judicial documents in this matter upon Defendants Mark and Joseph Grenon, who are apparently located in the Republic of Colombia, by electronic mail, at the e-mail addresses that have already been used by those defendants for communication and delivery of documents relating to this litigation. The Court may authorize such alternative service under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Efforts to serve these defendants personally at addresses they have used in Florida have been unsuccessful. Accordingly, for the reasons set forth below in the incorporated memorandum, the United States respectfully moves the Court for an order granting leave for such alternate service.

*GROUNDS FOR RELIEF*

The United States commenced this action on April 16, 2020, by filing a complaint alleging that Defendants are violating the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA") by distributing unapproved new drugs and misbranded drugs in interstate commerce. Compl., D.E. 1. The Court issued summonses to Defendants on April 27, 2020. Although the government was able to perfect personal service of the Summons and Complaint on Defendants Jonathan and Jordan Grenon, and on Defendant Genesis II Church of Health and Healing, efforts to personally serve Defendants Mark and Joseph Grenon at addresses in Florida that they are known to have used have been unsuccessful. *See* Returns of Non-Service attached as Exs. 13 & 15 to Pl. Certificate of Service (D.E. 19-13 & D.E. 19-15). Counsel for the United States previously requested in writing that Defendants provide physical addresses for service of documents. *See* Email from Ross Goldstein to Defs. (Apr. 23, 2020), (attached as Ex. 1) (delivering Court's order (D.E. 14) and requesting that Defendants "kindly provide us with valid physical addresses for each defendant by return email."). No Defendant fulfilled that request.

The government believes that both Mark Grenon and Joseph Grenon are not presently within the United States. Although their precise physical address remains unknown, it appears that they are presently in the Republic of Colombia. As a result, service upon them is governed by Rule 4(f). *See* Fed. R. Civ. P. 4(f). As more fully explained below, because Defendants Mark Grenon and Joseph Grenon's foreign addresses are unknown, the otherwise applicable international conventions on service do not apply, and alternate service under Rule 4(f)(3) is appropriate.

    A. **PERSONAL SERVICE ON MARK AND JOSEPH GRENON WITHIN THE UNITED STATES HAS BEEN UNSUCCESSFUL**

The government has repeatedly attempted to personally serve Defendants Mark Grenon and Joseph Grenon at several different addresses they have each been known to use in Florida. None of these attempts has been successful. On April 23, 2020, counsel for the United States received

2

an overnight Express Mail envelope from Mark Grenon that was apparently tendered to the U.S. Postal Service on April 21, 2020. That envelope bore a handwritten return address for Mark Grenon of 2014 Garden Lane, Bradenton, Florida. D.E. 19-13. When service on Mark Grenon was attempted at that address one week later, on April 28, 2020, Defendant Jonathan Grenon (who was successfully served at that address) told the process server that Mark Grenon was not there and did not live there. D.E. 19-12, at 1. Jonathan Grenon did not provide any additional information about Mark Grenon's whereabouts.

Public records indicate that Mark Grenon currently holds a driver's license issued by the State of Florida in August 2013, which is due to expire in August 2022, and bears the address of 1180 8th Avenue, #117 in Palmetto, Florida. That address was also used in July 2019 to register Florida license plates for a 2003 Toyota Corolla to an individual named Barbara M. Grenon. The address Mark Grenon uses on his Florida driver's license and the registered address of the Toyota is a strip-mall UPS Store, positioned between a Pizza Hut and a Dollar Tree. When service was attempted there on April 28, the UPS Store clerk stated that Mark Grenon does not have a mailbox there. *Id.* The following day, April 29, the government attempted to serve Mark Grenon at the address he used on his Florida's driver's license between 2002 and 2009: 2211 2nd Avenue North, Suite 11, Lake Worth, Florida. That address is similarly non-residential and is located within an industrial park. When attempting service there, the unit was found to be vacant and a neighboring business did know of a Mark Grenon. *Id.* at 3.

An attempt to serve Defendant Joseph Grenon at his last known Florida address has been similarly fruitless. Public records demonstrate that Joseph Grenon holds a Florida driver's license issued in March 2011, containing the address, 4109 Residence Drive, Unit 521, Fort Myers, Florida. On April 28, 2020, service on Joseph Grenon was attempted at that address without

success. D.E.19-15, at 1. According to the current resident of that apartment, Joseph Grenon moved away several years ago. *Id.*

Failure to serve these two Defendants within the United States has been explained by Defendants themselves. On May 8, 2020, counsel for the United States attempted to meet and confer with Defendants Mark Grenon and Joseph Grenon about the instant motion by sending a letter to each by email. *See* S.D. Fla. L.R. 7.1(b). In that letter, counsel renewed a previous request that those Defendants provide the government attorneys with a valid address whereby service could be accomplished. Defendant Mark Grenon responded by email the next day, May 9, stating: "**Joseph and I are working** as missionaries **outside of the U.S. at this time**. Our U.S. address is our Home Church, the Genesis II Church of Health and Healing at 2014 Garden Lane, Bradenton, Florida." *See* Email from Mark Grenon to Ross Goldstein (May 9, 2020) (attached as Ex. 2) (emphasis added). The response did not divulge an address outside of the United States, nor even which foreign country they were currently in.

    **B. MARK AND JOSEPH GRENON APPEAR TO BE CURRENTLY AT UNKNOWN ADDRESS(ES) IN THE REPUBLIC OF COLOMBIA**

Defendants' statements that they are outside of the United States appear to be corroborated by other information suggesting that they are presently located in the Republic of Colombia, where they operate the "Genesis II Church Health Restoration Center." *See, e.g., Sacramental Guidance Information*, GENESIS II CHURCH – GENESIS II CHURCH OF HEALTH & HEALING (OFFICIAL) – MMS, https://genesis2church.ch/component/content/category/15-genesis-ii-church (last visited May 20, 2020) (offering consumers 30 days of "sacramental guidance" at "Genesis II Church Health Restoration Center in Santa Marta" for $5,000, plus airfare); *G2 Voice Broadcast #182 The Coronavirus is Curable! Do You Believe It? You Better!,* APPLE PODCASTS (Mar. 8, 2020), https://podcasts.apple.com/us/podcast/g2voice-broadcast-182-coronavirus-is-curable-do-

4

you/id1155166130 ("Columbian Restoration Center! If anyone wants to come for a 30-day Detox in Colombia, South America please Contact [Mark and Joseph].").

In a recent podcast, Defendants Mark Grenon and Joseph Grenon intimated they are presently at (or near) their location in Colombia: "MARK GRENON: Health restoration center, really one official one is **us here in Colombia.** And honestly, we're not doing anything now because **no one can get to us**, right? JOSEPH GRENON: Everything's shut down." Tr. of *G2Voice Broadcast #190 – Happy 10th Anniversary to the Genesis II Church of Health and Healing!*, 60–61 (May 3, 2020) (attached as Ex. 3) (emphasis added); *id.* at 65 ("[l]et's just pick **Colombia**. We'll use it because **we do it *here*.**") (emphasis added). The government has attempted to locate a physical address for the "Health Restoration Center" from Defendants' websites, but those efforts have been unsuccessful.

Defendants' statements that they are presently in Colombia appear to be further corroborated by government records regarding their international border crossings. Those records show that both Mark and Joseph Grenon's last border crossings were outbound from the United States on flights from Miami, Florida, to Barranquilla, Colombia in February 2020 and October 2018, respectively. No records indicate that either has since returned to the United States. Although the government is unable to determine (and Defendants have not disclosed) their precise foreign address, all the available evidence supports the conclusion that Defendants Mark Grenon and Joseph Grenon are presently somewhere in Colombia.

### C. THE HAGUE CONVENTION ON SERVICE ABROAD DOES NOT APPLY BECAUSE THE FOREIGN ADDRESSES OF MARK GRENON AND JOSEPH GRENON ARE UNKNOWN

Rule 4(f) of the Federal Rules of Civil Procedure sets forth the means by which a summons and complaint may be served upon individuals in a foreign country. Fed. R. Civ. P. 4. Rule 4(f)(1) provides that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the

5

Service Abroad of Judicial and Extrajudicial Documents [('Hague Convention')]." *Id.* Both the United States and the Republic of Colombia are members of the Hague Convention and therefore, that treaty would ordinarily provide a mandatory means by which service on these two defendants would be accomplished. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (Hague Convention service is "mandatory in all cases to which it applies."); *Forth v. Carnival Corp.*, No. 12-23770-CIV, 2013 WL 1840373, at *2 (S.D. Fla. May 1, 2013) (same).

The Hague Convention, however, does not apply here. By its own terms, it "shall not apply where the address of the person to be served with the document is unknown." Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters, art. I, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention"). Here, despite the government's reasonable efforts to determine Colombian addresses for Mark Grenon and Joseph Grenon, they remain unknown. As a result, the Hague Convention does not apply to service of the summons and complaint upon them. *See Atlas One Fin. Grp., LLC v. Alarcon*, No. 12-CV-23400, 2014 WL 12571403, at *3 (S.D. Fla. Feb. 28, 2014) (holding that Hague Convention did not apply to service of Mexican Defendant because "The Hague Convention does not apply to service in the U.S. or where the address of the person to be served is unknown" and permitting alternative service on counsel); *see also SEC v. Palm House Hotel, LLLP*, No. 18-cv-81038, 2018 WL 984960, at *2 (S.D. Fla. Nov. 7, 2018) (same and also permitting service through email).[1]

---

[1] Although Colombia and the United States are also both members of the Inter-American Convention on Letters Rogatory and Additional Protocol ("IAC"), Jan. 30, 1975 (reprinted following 28 U.S.C. § 1781), use of that treaty to effect service is neither mandatory nor exclusive. *See Paiz v. Castellanos*, No. 06-22046-CIV, 2006 WL 2578807, at *1 (S.D. Fla. Aug. 28, 2006) ("As have other courts which have considered the issue, this Court finds that the Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive." (citing cases)); *see also Ure v. Oceana Cruises, Inc.*, 112 F. Supp. 3d 1351, 1353 (S.D. Fla. 2015) (finding that because service under IAC is neither mandatory nor exclusive, "Plaintiffs may, but are not required, to serve [defendant] via the Inter-American Convention.").

### D. ALTERNATIVE SERVICE BY EMAIL IS APPROPRIATE AND REASONABLY CALCULATED TO GIVE NOTICE

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, a plaintiff may serve a defendant in a foreign country by alternative means, as long as the means are directed by the court and are not prohibited by international agreement. "The only limitations in Rule 4(f)(3) are that: (1) service must be directed by the court, (2) it must not be prohibited by international agreement, and (3) due process requires that it must be 'reasonably calculated' to give notice to a defendant." *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *S.A.S. Jean Cassegrain v. accessoiresnet.info,* No. 17-61593-CV, 2017 WL 10742773, at *2 (S.D. Fla. Sept. 27, 2017). Using Rule 4(f)(3), "courts have authorized a wide variety of methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

"'By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as through counsel and by email.'" *Jean Cassegrain,* 2017 WL 10742773, at *2 (quoting *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015)). Moreover, alternative service under Rule 4(f)(3) "is not considered a last resort or as extraordinary relief." *Atlas One*, 2014 WL 12571403 at *4 (citing *Brookshire Bros., Ltd. V. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. Feb. 28, 2014). Rather, the alternative service rule was "adopted in order to provide flexibility and discretion to federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (internal quotation marks omitted).

7

By this motion, the United States is seeking Court authorization to serve the Summons, Complaint, and all other judicial documents to Defendants Mark Grenon and Joseph Grenon via email.

### 1. Service By Email Is Not Prohibited by International Agreement

Service on these Defendants in Colombia by email is not prohibited by any international agreement. As previously discussed, the otherwise mandatory Hague Convention does not apply in this case because the addresses of Defendants are unknown. *See U.S. Commodity Futures Trading Comm'n v. Rubio*, 2012 WL 3614360, at *2 (S.D. Fla. Aug. 21, 2012) (authorizing service by email and stating that Hague Convention was not applicable because address of person to be served was unknown); *Chanel, Inc. v. Bestbuyhandbag.com*, 2014 WL 7369640, at *2 (S.D. Fla. Dec. 29, 2014) (same).[2]

Even if the Hague Convention did apply here, service by email would still be permitted under that agreement because Colombia has not objected to service by mail under Article 10(a) of the treaty. *See* Hague Convention, art. 10(a) (stating that unless country objects, Hague Convention "shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad."); Hague Conference on Private International Law, *Table Reflecting Applicability of Articles 8(2), 10(a), … of the Hague Service Convention,* https://assets.hcch.net/docs/6365f76b-22b3-4bac-82ea-395bf75b2254.pdf (Feb. 2019) (indicating Colombia has "No opposition" to Article 10(a)). The analysis might be different had Columbia objected to Article 10(a), but it has not done so. *See, e.g., Agha v. Jacobs*, 2008 WL 2051061, at *1–2 (N.D. Cal. May 13, 2008)

---

[2] The Inter-American Convention is likewise no barrier to email service: "Columbia and the United States are signatory states to the [IAC]. Nothing in that international agreement prohibits alternative methods of service." *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-Civ, 2016 WL 8677230, at *4 (S.D. Fla. Oct. 14, 2016) (authorizing email service in Colombia) (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640 (5th Cir. 1994).

(finding that email service is indistinguishable from "postal channels" and thus is not available where Germany objected to Article 10(a)). *Cf. Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016) (noting that courts have held that service by email is not prohibited by Hague Convention and that such service has been approved even where signatory country objects to Article 10); *Lexmark Int'l, Inc. v. Ink Technologies Printer Supplies, LLC*, 291 F.R.D. 172, 174–75 (S.D. Ohio 2013) (collecting cases demonstrating that "[v]arious courts have agreed that service by email is not prohibited by the Hague Convention. … As such, a court may order service by email, where appropriate."). Courts of this district have adopted the rule that email service is not prohibited, even where a nation objects to Article 10 of the Hague Convention. *See Gucci Am., Inc. v. guccibagshk.com*, No. 19-62983-CIV, 2019 WL 8275139, at *1 (S.D. Fla. Dec. 6, 2019); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sep. 14, 2015).

For either reason—because the Hague Convention is inapplicable or because Colombia has not objected to service by email—Defendants Mark and Joseph Grenon may be served via email without running afoul of any international agreement. *See Setai Hotel Acquisition*, 2016 WL 8677230 at *4 (approving email service of defendant in Colombia); *cf. Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 986 F. Supp. 2d 1175, 1182–83 (S.D. Fla. 2012) (granting plaintiff's motion for alternative service on defendants in Colombia by Fedex and email to defendant's U.S. attorneys).

### 2. Service by Email Is Reasonably Calculated to Give Notice to Defendants

The government proposes to serve the Summons, Complaint and other judicial papers on Defendants Mark Grenon and Joseph Grenon by the email addresses that the government has been using to communicate with them during the course of this litigation: mark@genesis2church.is and joseph@genesis2church.is. To date, government counsel has received at least nine emails from the

9

mark@genesis2church.is address, signed by Mark Grenon, with copies simultaneously sent to joseph@genesis2church.is. Many of these emails have been responses to emails sent to them from the government. As evinced by their weekly podcast commentary, weekly internet newsletters, and regular communications with the United States and the Court, both Defendants are patently aware of this lawsuit. Moreover, these email addresses are the same email addresses that Defendants list on their websites to be used by consumers for communication about Genesis and MMS. *See, e.g., Bishop Mark Grenon*, CONTACT ARCHBISHOP MARK GRENON - GENESIS II CHURCH OF HEALTH & HEALING (OFFICIAL) - MMS, https://genesis2church.ch/contact-bishop-mark-grenon (last visited May 21, 2020) (listing email address for consumers to contact Defendant Mark Grenon as mark@genesis2church.is); *G2 Sacrament Providers: MMS, MMS2, DMSO, HCl 4% activator and more*, G2 SACRAMENT PROVIDERS - GENESIS II CHURCH OF HEALTH & HEALING (OFFICIAL) – MMS, https://genesis2church.ch/mms/providers (last visited May 21, 2020) (listing email addresses for providers in Colombia as mark@genesis2church.is and joseph@genesis2church.is); *Bishop Joseph Grenon,* BISHOP JOSEPH GRENON - GENESIS II CHURCH OF HEALTH & HEALING (OFFICIAL) – MMS, https://genesis2church.com/contact-bishop-joseph-grenon (last visited May 21, 2020) (listing email address for consumers to contact Defendant Joseph Grenon as joseph@genesis2church.is).

Because the U.S. Constitution does not require any particular means for service of process, the touchstone question is whether "the method selected [is] reasonably calculated to provide notice and opportunity to respond." *Rio Properties*, 284 F.3d at 1017; *see also Chanel, Inc. v. Lin*, No 08-23490-CIV, 2009 WL 1034627, at *2 (S.D. Fla. Apr. 16, 2009) (alternative service should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Where, as here, a defendant is known to use an email address, courts of this circuit have found that email is an appropriate method of service of process under Rule 4(f)(3). *See Premier Trailer Leasing, Inc. v. DM World Transp., LLC*, No. 8:19-cv-2558, 2020 WL 886671, at *2–3 (M.D. Fla. Feb. 24, 2020) (email service acceptable where defendant has communicated with plaintiff's counsel by email about litigation); *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1365 (S.D. Fla. 2015) (service by email "reasonably calculated to reach [defendant] where it is apparent that he is utilizing the email address"); *Global Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1271 (N.D. Ga. 2015) (email service where "clear that Defendant has access to and regularly relies on email correspondence to conduct business and handle its affairs"); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012) (email service is reasonably calculated to apprise defendant of action where plaintiff's attorney had several email exchanges with defendant); *Chanel, Inc. v. Zhixian*, No. 10-60585-CIV, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service via email under Rule 4(f)(3) where emails did not automatically bounce back to sender).

Here, serving Defendants Mark Grenon and Joseph Grenon by email is the method most likely to apprise them of the pendency of the action and afford them an opportunity to present objections. Indeed, Mark Grenon has responded to virtually every email communication he has received from the government thus far. And each time he replied by email, he has copied his message to the email addresses of each of his co-defendants, including Joseph Grenon. Especially in circumstances like those present here, courts have found that service by email is appropriate and consistent with the requirements of due process, namely, notice and an opportunity to be heard. *See Rio Props., Inc.*, 284 F.3d at 1018 ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *3 (E.D. Mich. Feb. 14, 2013) (email

service reasonably calculated to provide notice where defendants "conduct their business on the internet and through [an] email address"); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (service by email comports with due process requirements where defendants "conduct business through their website and correspond with customers via e-mail [there is] a high likelihood that [defendants] would receive and respond to e-mail communications, as shown by the inclusion of e-mail addresses on [defendant's] website."); *Philip Morris USA v. Veles Ltd.*, No. 06 CV 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service by email where defendant conducted business through websites and emailed with customers).

As in the cases cited, Defendants conduct their business over the internet and use the same email addresses the government proposes to use for service. And, as in the cases cited above, at least Defendant Mark Grenon has actively communicated with the United States and the Court using those email addresses. Finally, consistent with the cases cited above, although the government has not received any emails directly from Defendant Joseph Grenon, the emails sent to his address have not been returned as undeliverable. Moreover, Mark Grenon and Joseph Grenon's joint public statements they have made on their weekly podcast demonstrate that they are aware of this lawsuit and the various Orders issued by the Court. *See, e.g.,* Tr. of *G2Voice Broadcast #191 – The Proof is NATURALLY Being Shown to Us by the Results,* at 30 (May 10, 2020) (D.E. 33-2) (Mark Grenon with Joseph Grenon, demonstrating awareness of Court's order on show cause hearing sent to Defendants via email by stating, on day before hearing: "Tomorrow, the 11th, they're going to—they want us to be there [in court]. We're not going. We're not going. We've rejected everything they've said."). Under these circumstances, not only does service by e-mail accord Defendants constitutional due process, but "e-mail may be the only means of effecting service of process." *Rio Props., Inc.*, 284 F.3d at 1018.

## *CONCLUSION*

Having unsuccessfully attempted service at their last known addresses in Florida, the government proposes to serve the Summons, Complaint, and other judicial documents by email upon Defendants Mark Grenon and Joseph Grenon, who appear to be located presently at an unknown address in the Republic of Colombia. Despite the lack of formal service, these Defendants have received actual notice of Court orders and proceedings by email, yet they consciously eschewed appearing at two different telephonic hearings. Based on all of the circumstances described herein, service by email is not prohibited by international agreement and is reasonably calculated to provide Defendants notice of, and the opportunity to respond to, this litigation. As a result, it is necessary and appropriate for the Court to authorize service by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Accordingly, the United States respectfully requests that the Court authorize such service.

## LOCAL RULE 7.1(b) CERTIFICATION

The undersigned certifies that counsel for the United States has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion by sending the letter attached to this Motion as Ex. 4 by email to Defendants Mark Grenon and Joseph Grenon on May 8, 2020, but has been unable to resolve the issues raised herein.

Dated this 28th day of May, 2020.

Respectfully submitted,

JOSEPH H. HUNT  
Assistant Attorney General  
U.S. Department of Justice

ARIANA FAJARDO ORSHAN  
United States Attorney

GUSTAV W. EYLER
Director,
Consumer Protection Branch

*Ross S. Goldstein*
ROSS S. GOLDSTEIN
Court ID No. A5502651
Senior Litigation Counsel

Ross.Goldstein@usdoj.gov
202-353-4218 (office)
202-514-8742 (fax)

*David A. Frank*
DAVID A. FRANK
Court ID No. A5500486
Senior Litigation Counsel

David.Frank@usdoj.gov
(202) 307-0061 (office)
(202) 514-8742 (fax)

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC  20044

*Matthew J. Feeley*
MATTHEW J. FEELEY
Florida Bar No. 12908
Assistant United States Attorney

Matthew.Feeley@usdoj.gov
305-961-9235 (office)
305-530-7139 (fax)

99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Counsel for the United States of America*

OF COUNSEL:

ROBERT P. CHARROW
General Counsel

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
U.S. Department of Health and Human Services

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation

JOSHUA A. DAVENPORT
Associate Chief Counsel for Enforcement
U.S. Department of Health and Human Services
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

## CERTIFICATE OF SERVICE

      I hereby certify that on May 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, electronic mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     *s/ Ross S. Goldstein*
    Ross S. Goldstein
    Senior Litigation Counsel
    U.S. Department of Justice

### SERVICE LIST

United States of America
*vs.*
GENESIS II CHURCH OF HEALTH AND HEALING;
MARK GRENON;
JOSEPH GRENON;
JORDAN GRENON; and
JONATHAN GRENON

CASE NO. 20-21601-CIV-WILLIAMS
United States District Court Southern District of Florida

| | |
|---|---|
| **ROSS S. GOLDSTEIN**<br>Court ID No. A5502651<br>Senior Litigation Counsel<br>Ross.Goldstein@usdoj.gov<br>202-353-4218 (office)<br>202-514-8742 (fax)<br><br>**DAVID A. FRANK**<br>Court ID No. A5500486<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Consumer Protection Branch<br>P.O. Box 386<br>Washington, D.C. 20044<br>David.Frank@usdoj.gov<br>(202) 307-0061 (office)<br>(202) 514-8742 (fax) | **GENESIS II CHURCH OF HEALTH AND HEALING**<br>contact@genesis2church.is<br>2014 Garden Ln.<br>Bradenton, FL 34205<br><br>**MARK GRENON**<br>mark@genesis2church.is<br><br>**JOSEPH GRENON**<br>joseph@genesis2church.is<br><br>**JORDAN GRENON**<br>jordan@genesis2church.is<br>6210 35th Avenue West<br>Bradenton, FL 34209 |

| | |
|---|---|
| **MATTHEW J. FEELEY**<br>Florida Bar No. 12908<br>Assistant United States Attorney<br>99 N.E. 4th Street, Suite 300<br>Miami, FL 33132<br>Matthew.Feeley@usdoj.gov<br>305-961-9235 (office)<br>305-530-7139 (fax)<br><br>*Counsel for the United States of America* | **JONATHAN GRENON**<br>jonathan@genesis2church.is<br>2014 Garden Ln.<br>Bradenton, FL 34205<br><br>*Defendants* |