**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 20-21601-CIV-WILLIAMS**

UNITED STATES OF AMERICA,

          *Plaintiff,*

vs.

GENESIS II CHURCH OF HEALTH
  AND HEALING;
MARK GRENON;
JOSEPH GRENON;
JORDAN GRENON; and
JONATHAN GRENON,

          *Defendants.*

## [PROPOSED] ORDER

**THIS MATTER** is before the court on Plaintiff's Motion for Leave to Serve Defendants Located Outside the United States by Alternative Means pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure (D.E. ___). Plaintiff specifically requests that that it be permitted to serve the Summons, Complaint, and all other judicial documents upon Defendants Mark Grenon and Joseph Grenon, who appear to be presently outside of the United States, via their email addresses.

Plaintiff reports that efforts to serve these two Defendants at their last known addresses within the United States have been unsuccessful, and it appears that they are presently located in the Republic of Colombia. Despite making reasonable efforts, including twice directly asking Defendants to provide physical addresses, Plaintiff has been unable to determine the foreign addresses for these Defendants.

Plaintiff seeks to serve defendants that are outside of the United States pursuant to Federal Rule of Civil Procedure 4(f)(3) which provides that service on defendants outside of the United States may be made "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Court has broad discretion to direction alternative methods of service under Rule 4(f)(3) when (1) not prohibited by international agreement; and (2) consistent with due process. The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") does not apply in this case, even though both the United States and the Republic of Colombia are signatories because the address of the foreign defendants is unknown. Moreover, even if the Hague Convention did apply in this case, service by email on these Defendants in Colombia is not prohibited by that or any other international agreement.

Under the facts and circumstances of this case, email service on these two Defendants satisfies constitutional notions of due process, namely that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As a result, this Court finds that service by email upon Defendants Mark Grenon and Joseph Grenon is not prohibited by international agreement and comports with constitutional due process. Accordingly, the court finds good cause for leave to be granted to Plaintiff to serve these two Defendants by email, pursuant to Fed. R. Civ. P. 4(f)(3).

In consideration of the foregoing, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Serve Defendants Located Outside the United States by Alternative Means (D.E. __) is hereby **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 4(f)(3), the United States may serve the Summonses, Complaint, and all other current and future filings in this matter upon Defendants Mark Grenon and Joseph Grenon via email using the following addresses:

   Mark Grenon:        mark@genesis2church.is

   Joseph Grenon:      joseph@genesis2church.is

3. Service will be deemed to have been effected upon electronic transmittal of the document. Proof of Service of the Summons and Complaint upon these Defendants may be accomplished by the United States filing a declaration stating that the documents were transmitted these Defendants in accordance with this Order.

4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the responses of Defendants Mark Grenon and Joseph Grenon to Plaintiff's Complaint shall be due twenty-one (21) days after transmittal by email of the Summons and Complaint in accordance with this Order.

5. **IT IS FURTHER ORDERED** that the United States is directed to serve this Order promptly upon all Defendants by email.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of May, 2020.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDG