**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-21601-CIV-WILLIAMS**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

GENESIS II CHURCH OF HEALTH AND
HEALING, *et al.*

      Defendants.
_____/

## ORDER APPOINTING SPECIAL MASTER

**THIS MATTER** is before the Court *sua sponte*. On August 3, 2020, the Court entered default judgment against Mark Grenon and Joseph Grenon (collectively, "Defendants") pursuant to Rule 55(b)(2). (DE 76.) That same day, the Court entered an Order of Permanent Injunction against Defendants, which states that the Court shall appoint a Special Master to assist in the implementation and administration of Paragraph 21 of the Order. (*See* DE 77 at ¶ 21.) Pursuant to Federal Rule of Civil Procedure Rule 53, the Court appoints Mr. Robert E. O'Neill as Special Master to perform the duties necessary to implement and administer the Order's requirement that Defendants shall pay equitable disgorgement to an escrow fund, to satisfy claims from individuals who purchased MMS from Defendants since January 1, 2010. (*See id.*)

    Having reviewed information regarding Mr. O'Neill's credentials, the Court is satisfied that he is well-qualified for this appointment. Mr. O'Neill is currently a Managing Director of Freeh Group International Solutions, LLC. He possesses extensive experience handling matters in federal court, having served as the United States Attorney in the Middle District of Florida from 2007-2008 and from 2010-2013, and as an Assistant

1

United States Attorney in the Middle District of Florida and the Southern District of Florida for over 20 years.  It is the opinion of the Court that Mr. O'Neill possesses the requisite skills, experience, knowledge, character, credibility, and other attributes necessary to aid in the implementation and administration of the Court's Permanent Injunction Order.

Accordingly, pursuant to Federal Rule of Civil Procedure Rule 53, it is **ORDERED AND ADJUDGED THAT**:

1. Robert E. O'Neill is appointed as Special Master to assist in the implementation and administration of Paragraph 21 of the Permanent Injunction Order (DE 77).

2. The Special Master shall proceed in this role with all reasonable diligence, and take all appropriate measures to perform the assigned duties fairly and efficiently.

3. The Special Master may communicate *ex parte* with the Court without the consent of the Parties.  The Special Master may not communicate *ex parte* with the Parties (with the exception of communicating on scheduling matters).  *See* Fed. R. Civ. P. Rule 53(b)(2)(C).

4. The Special Master will preserve, as a record of his activities, all written submissions received from the Parties and relevant non-parties, all written submissions sent to the Parties and relevant non-parties, and any transcripts of hearings before the Special Master.

5. The Special Master's compensation, as well as any reasonable costs and expenses incurred by the Special Master, will be borne by Defendants.

6. The Special Master may, by order, impose on a party any non-contempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a non-party.  *See* Fed. R. Civ. P. Rule 53(c)(2).

7. This Order may be amended at any time after notice to the Parties and an opportunity to be heard.  *See* Fed. R. Civ. P. Rule 53(b)(4).

**DONE AND ORDERED** in chambers in Miami, Florida, this 3rd day of August, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE